UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BAYOU ASSET HOLDINGS, LLC | * | CIVIL ACTION NO. 22-1919 |
| | * | |
| VERSUS | * | SECTION: "P"(1) |
| | * | |
| ASAP INSURANCE AGENCY, LLC, ET AL. | * | JUDGE BRANDON S. LONG |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the plaintiff's Motion to Compel Discovery and Compliance with Deposition Notice. (Rec. Doc. 64). As to the interrogatory responses, the Motion is DENIED as moot; as to the corporate deposition, the Motion is GRANTED; the defendant shall prepare and present a corporate representative(s) for deposition.

Background

Although this lawsuit involves Hurricane Ida property damage, it is not the typical Hurricane Ida insurance dispute. The owner of the shipyard that sustained damages – Bayou Asset Holdings, LLC—believed it had insurance, but apparently no such policy was ever issued.

The owner of Bayou Asset—Joseph Dardar—had long regarded John Uhr as his "go to" guy for commercial insurance. When Bayou Asset was preparing to purchase the shipyard in 2021, Dardar reached out to Uhr for assistance in placing $5 million in insurance coverage. Uhr and an individual named Peter Malinsky informed Dardar they could not get $5 million but recommended lower figures that could be increased at the next renewal period. According to Bayou Asset, Uhr worked for ASAP Insurance Agency, LLC ("ASAP").[1] And Dardar understood that Malinsky was an insurance agent as well as Uhr's supervisor. After Uhr informed Dardar that the recommended

---

[1] ASAP denies this.

1

coverages had been placed in June 2021, Dardar wired about $3,000 for the initial premium payment to Underwriting Enterprises, Inc. ("UEI"), an entity he understood to be partially owned and/or managed by Malinsky and/or Uhr. Bayou Asset claims that ASAP sent it a Certificate of Liability Insurance, which named ASAP as producer, Uhr as contact, and Hiscox Insurance Company as one of three insurers affording coverage, along with policy numbers and effective dates.

As Hurricane Ida approached in late August 2021, Dardar called Uhr to confirm that the insurance coverage for Bayou Asset was in place. Uhr apparently informed Dardar that Bayou Asset was covered. Dardar spoke to Malinksy the same day about his storm mitigation measures. The shipyard experienced significant damage from the storm. Dardar called Uhr after the storm passed on August 30, 2021, to inform him that the shipyard had been devastated. Uhr informed Dardar that he needed to call underwriting. Later the same day Uhr and Malinsky called Dardar to inform him that the insurance coverage for Bayou Asset had not been bound and there was no insurance policy in effect. Dardar called one of the insurers on the certificate, but they could not find an insurance policy with the policy number on the certificate.

Bayou Asset initiated this lawsuit against ASAP, UEI, Uhr, Malinsky, and ASAP's errors and omissions insurer Hiscox on June 23, 2023. Trial is scheduled to begin on February 18, 2025. The deadline to complete discovery is December 11, 2024.

The present discovery dispute concerns discovery issued by Bayou Asset to Hiscox. Some of the issues raised in the motion have now been resolved: Hiscox has provided answers to Bayou Asset's interrogatories. But, the parties continue to dispute the scope of the corporate deposition of Hiscox. Bayou Asset has provided a draft notice with 16 intended areas of inquiry, but Hiscox maintains that none of the areas of inquiry are within the scope of discovery. In its motion, Bayou

Asset provides a narrowed list of six topics. The Court assumes that Bayou Asset thereby intends to limit the deposition to these six topics.

Law and Analysis

1. *Scope of Discovery*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The Rule requires consideration of the following factors in assessing proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

The deposition of a corporation or other entity is taken pursuant to Rule 30(b)(6), which requires the party noticing the deposition to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The named organization must then designate one or more representatives to testify on its behalf. "Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." Id.

2. *Analysis*

The deposition topics at issue here are as follows:

1. The relationship and interactions between Hiscox, ASAP, Malinsky, and/or Uhr prior to the policy period at issue in this case;

2. The relationship and interactions between Hiscox, ASAP, Malinsky, and/or Uhr during the policy period at issue in this case;

3

3. The reasons for Hiscox's denial of Plaintiff's claim filed related to the insurance coverage and the events described in the Complaint;

4. The basis for Hiscox's decision to deny John Uhr a defense;

5. Hiscox's processes for underwriting other lines of insurance coverage which it sells through ASAP; and

6. Hiscox's efforts to underwrite insurance coverage for Bayou Asset, including whether insurance coverage was bound.

Hiscox argues that in cases where insurance coverage is the central issue, discovery into the insurer's files and deposition of the insurer's representatives may not be appropriate. It cites Herrington v. American Security Insurance Co., where the court quashed the deposition of the insurance claim adjuster who had coordinated the investigation of the plaintiffs' property insurance claim and wrote the denial of coverage letter, but had no direct, first-hand knowledge of the property. 2012 U.S. Dist. LEXIS 204885, at *2 (W.D. La. Jul. 26, 2012). The court found that the only issue in the case was whether the damage to plaintiffs' floor was covered by the insurance policy and that because the claims adjuster had no first-hand knowledge of the property and because interpretation of an insurance policy is a question of law, testimony of the claims adjuster would not be relevant. Id. at *6-7. Hiscox also cites Scottsdale Insurance Co. v. Camara De Comercio Latino-Americana De Los Estados Unidos, Inc., where a Florida state court held that "[w]hen the issue of insurance coverage is unresolved and at issue in pending court proceedings, a trial court must not order an insurer to produce its claims files and other work product documents" and applied the same reasoning to the proposed deposition of an insurer's corporate representative. 813 So. 2d 250, 251 (Fla. Dist. Ct. App. 2002).[2]

Unlike the Herrington and Scottsdale cases, Hiscox plays multiple roles in this case. Not only is it the alleged insurer of one of the defendants who declined coverage, but Bayou Asset

---

[2] The Perniciaro case it cites cannot be located with the citation provided.

4

claims it is one of the insurers that was intended to cover Bayou Asset's shipyard. Topics 1, 2, 3, 5, and 6, are relevant to the issue of who—if anyone—bears liability for Bayou Asset's apparently mistaken belief that it had insurance coverage for the shipyard because these topics shed light on the relationship between Hiscox, ASAP, Malinksy, and/or Uhr. The Herrington court found the insurance adjuster had no first-hand knowledge as to the property damage at issue and could not speak to the legal interpretation of the policy. There is no reason to believe Hiscox does not have first-hand knowledge of its relationship and interactions with ASAP, Malinksy, and Uhr (if any); its reasons for denying Bayou Asset's claim under the purported policy; its own underwriting processes; and its efforts to underwrite coverage for Bayou Asset (if any). Moreover, much of this information could not implicate the work product doctrine concerns considered by the court in Scottsdale because it relates to a period before litigation could reasonably have been anticipated (topics 1, some of topic 2, topic 5, and topic 6).[3]

Topics 3 and 4 are relevant to the issue of whether the Hiscox insurance policy provides coverage for Bayou Asset's claims related to the failure to pay insurance. Although these topics may implicate legal issues like those considered improper for deposition in Herrington, the Court finds that these topics also implicate relevant facts about which Hiscox can provide testimony.[4] The Court finds that the six deposition topics are within the scope of discovery.

---

[3] "Ordinarily, a party may not discover documents and tangible things that are prepared *in anticipation of litigation or for trial* by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A) (emphasis added).

[4] Although Hiscox has not explicitly invoked the work product doctrine and it is unclear if it intends to do so here, the Court acknowledges that some of the topics may implicate the doctrine if they concern information created in anticipation of litigation. But, it must be noted that "materials assembled in the ordinary course of business" are excluded from work-product materials. United States v. El Paso Co., 682 F.2d 530, 542 (5th Cir. 1982). And importantly, the party invoking the work product doctrine bears the burden of showing that the materials or testimony are entitled to protection. Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S., 768 F.2d 719, 721 (5th Cir. 1985). Hiscox has made no attempt to do so here. Moreover, there are exceptions to the application of the work product doctrine that neither party has addressed. See Fed. R. Civ. P. 26(b)(3)(A). In any event, the potential application of the work product doctrine does not operate to preclude the entire deposition.

Conclusion

Because Hiscox has now provided its interrogatory responses, Bayou Asset's Motion to Compel is DENIED as moot. Because the Court finds that Bayou Asset has requested relevant testimony from Hiscox, the Motion to Compel Compliance with Deposition Notice is GRANTED; Hiscox shall prepare and present a corporate representative(s) for deposition.

New Orleans, Louisiana, this 30th day of May, 2024.

                                  Janis van Meerveld
                                  United States Magistrate Judge